UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CARL STEVEN TOBIN,

                              Plaintiff,

        v.

KING COUNTY DEPARTMENT OF
ADULT AND JUVENILE DETENTION, *et
al.*,

                              Defendants.

Case No. C14-34-MJP-JPD

ORDER STRIKING PENDING MOTION
TO DISMISS AND GRANTING
PLAINTIFF LEAVE TO FILE AMENDED
COMPLAINT

        Plaintiff Carl Tobin is a state prisoner who is currently incarcerated at the Washington

Corrections Center in Shelton, Washington.  On October 3, 2013, plaintiff filed a civil rights

complaint under 42 U.S.C. § 1983 in the King County Superior Court.  (Dkt. 1 at 1.)  He alleged

therein that he had been unlawfully deprived of his legal property when he was transferred from

the King County Department of Adult and Juvenile Detention ("KCDAJD") to the Washington

Department of Corrections ("DOC") in September 2012.  (*See id.*, Ex. A.)  Plaintiff identified the

following defendants in his complaint:  the KCDAJD; Kent Division - Regional Justice Center

ORDER STRIKING PENDING MOTION
TO DISMISS AND GRANTING PLAINTIFF
LEAVE TO FILE AMENDED COMPLAINT - 1

1   ("RJC"); Seattle Division - King County Correctional Facility ("KCCF"); John Does 1 and 2, the

2   directors of the RJC and KCCF respectively; and, Dean Owens a Sergeant/Investigator at RJC

3   and KCCF.  (*See* Dkt. 1, Ex. A.)

4       Plaintiff thereafter filed a series of amendments to his complaint in which he (1) added

5   more defendants to the action including the DOC, DOC Secretary Bernard Warner, DOC

6   employee John Sanchez, and a number of individuals identified only as John Doe; (2) added new

7   requests for relief; and (3) provided numerous citations to federal and state constitutional

8   provisions and to federal and state statutory law.  (*See id*.)

9       On January 8, 2014, defendants removed the action to this Court under 28 U.S.C.

10   § 1441(c) on the grounds that plaintiff's claims arise under federal law.  (*See* Dkt. 1.)  Shortly

11   thereafter, on January 15, 2014, the DOC and DOC Secretary Warner filed a motion to dismiss

12   plaintiff's claims under Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure.  (Dkt.

13   6.)  The motion to dismiss was originally noted for consideration on February 14, 2014, and was

14   then re-noted for consideration on April 4, 2014 after plaintiff requested, and was granted, an

15   extension of time to file a response to the motion.  (Dkts. 13 and 15.)  On April 14, 2014,

16   plaintiff filed a second motion for extension of time to file a response to the pending motion to

17   dismiss.  (Dkt. 16.)

18       After reviewing plaintiff's second request for extension of time, defendants' motion to

19   dismiss, and the balance of the record, the undersigned concluded that rather than grant plaintiff

20   another extension of time, and delay again a ruling on defendants' motion to dismiss, it would be

21   more efficient for the Court to undertake the screening required by 28 U.S.C. § 1915A, apprise

22

23   ORDER STRIKING PENDING MOTION
TO DISMISS AND GRANTING PLAINTIFF
LEAVE TO FILE AMENDED COMPLAINT - 2

1    plaintiff of the deficiencies in his pleadings, and then give him an opportunity to file an amended

2    pleading curing the identified deficiencies.

3        The Court will begin with a discussion of the basic principles applicable to its review of

4    plaintiff's pleadings.  Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for

5    a pleading to state a claim for relief it must contain a short and plain statement of the grounds for

6    the court's jurisdiction, a short and plain statement of the claim showing that the pleader is

7    entitled to relief, and a demand for the relief sought.  The statement of the claim must be

8    sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon

9    which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  The factual allegations of a

10   complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic*

11   *Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In addition, a complaint must allege facts to state a

12   claim for relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

13       In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show (1) that

14   he suffered a violation of rights protected by the Constitution or created by federal statute, and

15   (2) that the violation was proximately caused by a person acting under color of state or federal

16   law.  *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  To satisfy the second prong, a

17   plaintiff must allege facts showing how individually named defendants caused, or personally

18   participated in causing, the harm alleged in the complaint.  *See Arnold v. IBM*, 637 F.2d 1350,

19   1355 (9th Cir. 1981).  A defendant cannot be held liable solely on the basis of supervisory

20   responsibility or position.  *Monell v. Department of Social Servs., of City of New York*, 436 U.S.

21   658, 691-694 (1978).  Rather, a plaintiff must allege that a defendant's own conduct violated the

22   plaintiff's civil rights.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385-90 (1989).

23   ORDER STRIKING PENDING MOTION
     TO DISMISS AND GRANTING PLAINTIFF
     LEAVE TO FILE AMENDED COMPLAINT - 3

Plaintiff's pleadings do not comply with the standards set forth above.  Accordingly, the Court hereby finds and ORDERS as follows:

(1)     Plaintiff's pleadings are generally deficient because they do not comply with the requirements of Rule 8(a).  Plaintiff's pleadings are lengthy, confusing, and insufficient to put any of the purported defendants on notice of plaintiff's claims or the grounds upon which they rest.  Particularly problematic at this point is the sheer number of pleadings currently before the Court.  The state court record contains an original complaint and a series of what plaintiff identifies as amendments, but which appear to this Court to be supplements to plaintiff's original pleading.  Plaintiff may not proceed on multiple pleadings.  The operative pleading must be a single document which sets forth the specific basis of this Court's jurisdiction and which clearly identifies each defendant, the claims he intends to assert against each defendant, the specific facts which he believes support his claims again each defendant, and the relief to which he believes he is entitled.

(2)     As to the specific defendants identified by plaintiff in his pleadings, the pleadings are deficient in the following respects:

(a)     Plaintiff identifies the KCDAJD, the RJC, and the KCCF as defendants in his various pleadings.  However, "in a legal action involving a county, the county itself is the only legal entity capable of suing and being sued."  *See Nolan v. Snohomish County*, 59 Wn.App. 876, 883 (1990).  The KCDAJD, the RJC, and the KCCF are all entities of King County and, as such, are not proper defendants in this action.  If plaintiff elects to pursue a claim against King County, he must specifically identify the County as a defendant in this action and he must identify a municipal "policy" or "custom" that he believes caused his injury.

ORDER STRIKING PENDING MOTION
TO DISMISS AND GRANTING PLAINTIFF
LEAVE TO FILE AMENDED COMPLAINT - 4

(b)     Plaintiff identifies the Washington DOC as a defendant in his pleadings. However, the United States Supreme Court has made clear that neither a state nor its officials acting in their official capacities are "persons" within the meaning of § 1983.  *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989).  States and state agencies are immune from suit in federal court under the Eleventh Amendment unless a state expressly waives its constitutional immunity.  *Alden v. Maine*, 527 U.S. 706 (1999).  The State of Washington has not waived its Eleventh Amendment immunity.  *Whiteside v. State of Washington*, 534 F. Supp. 774 (D.C. Wash. 1982).  Thus, the Washington Department of Corrections is not a proper defendant in this action.

(c)     Plaintiff identifies DOC Secretary Warner as a defendant in this action.  However, plaintiff has not clearly alleged any facts demonstrating that Secretary Warner *personally* participated in any violation of plaintiff's federal constitutional rights.  Plaintiff is reminded that Secretary Warner may not be held liable based merely on his supervisory responsibility of position.  Plaintiff is also reminded, for the reasons stated in the preceding paragraph, that he may not pursue any claims against Secretary Warner for actions undertaken in his official capacity.

(d)     Plaintiff identifies Dean Owens and John Sanchez as defendants in his various pleadings.  Plaintiff's primary claim against these individuals appears to be that they are somehow responsible for the loss of plaintiff's personal property.  However, where a county or state employee's random, unauthorized act deprives an individual of property, either negligently or intentionally, the individual is relegated to his state post-deprivation process, so long as the state provides an adequate post-deprivation remedy.  *Hudson v. Palmer*, 468 U.S. 517, 533

ORDER STRIKING PENDING MOTION
TO DISMISS AND GRANTING PLAINTIFF
LEAVE TO FILE AMENDED COMPLAINT - 5

1   (1984); *Parratt v. Taylor*, 451 U.S. 527, 540-41 (1981), *overruled on other grounds by Daniels*

2   *v. Williams*, 474 U.S. 327 (1986).

3         Washington State provides a post-deprivation remedy for the alleged tortious conduct of

4   city and county employees under RCW 4.96 and for the alleged tortious conduct of state

5   employees under RCW 4.92.  Plaintiff does not allege any due process inadequacy in the tort

6   remedies provided under RCW 4.96 or RCW 4.92.  Thus, plaintiff has not alleged any viable

7   claim for relief under § 1983 against defendants Owens and Sanchez.

8         (d)    As to the remaining defendants, identified by plaintiff only as John Doe, plaintiff

9   has not alleged sufficient, specific facts, demonstrating any personal participation in the violation

10   of his federal constitutional rights.  Thus, even if plaintiff is able at some juncture to more

11   specifically identify one or more of these proposed Doe defendants, he will be permitted to

12   proceed against such individuals only if the identification is accompanied by a statement of

13   additional facts clearly demonstrating a causal connection between their actions and the alleged

14   violation of plaintiff's rights.

15         (3)    Plaintiff may file an amended complaint curing the above noted deficiencies

16   within ***thirty (30) days*** of the date on which this Order is signed.  The amended complaint must

17   carry the same case number as this one.  If no amended complaint is timely filed, or if plaintiff

18   fails to correct the deficiencies identified in this Order, the Court will dismiss this action under

19   28 U.S.C. § 1915A(b).  Plaintiff is advised that an amended pleading operates as a *complete*

20   substitute for an original pleading.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.) (citing

21   *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (as

22   amended), *cert. denied*, 506 U.S. 915 (1992).  Thus, any amended complaint must clearly

23   ORDER STRIKING PENDING MOTION
TO DISMISS AND GRANTING PLAINTIFF
LEAVE TO FILE AMENDED COMPLAINT - 6

identify the defendant(s), the constitutional claim(s) asserted, the specific facts which plaintiff believes support each claim, and the specific relief requested.

Plaintiff is also advised that his amended pleading should not identify any purported witnesses, should not contain any citations to case law, and should not be accompanied by any exhibits.

(4)     The motion of defendants DOC and Bernard Warner to dismiss plaintiff's claims (Dkt. 6) and plaintiff's motion for an extension of time (Dkt. 16) are STRICKEN as moot.

(5)     The Clerk is directed to send plaintiff the appropriate forms so that he may file an amended complaint.  The Clerk is further directed to send copies of this Order to plaintiff and to the Honorable Marsha J. Pechman.

DATED this 18th day of April, 2014.

_James P. Donohue_

JAMES P. DONOHUE
United States Magistrate Judge

ORDER STRIKING PENDING MOTION
TO DISMISS AND GRANTING PLAINTIFF
LEAVE TO FILE AMENDED COMPLAINT - 7