UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CARL TOBIN,

                Plaintiff,

   v.

KING COUNTY CORRECTIONAL FACILITY, *et al*.,

                Defendants.

Case No. C14-34-MJP-JPD

REPORT AND RECOMMENDATION

      This is a *pro se* civil rights action brought under 42 U.S.C. § 1983. Plaintiff Carl Tobin has filed a motion for a temporary restraining order in which he requests that Scott Russell, the Superintendent of the Washington Corrections Center ("WCC"), be enjoined "from actively obstructing access to the courts." Defendant Washington Department of Corrections ("DOC"), in accordance with LCR 65(b)(5), has filed a notice advising the Court of its intent to oppose plaintiff's motion.

      The DOC notes in its submission that there is no cognizable complaint currently before the Court and that the individual against whom plaintiff seeks an injunction was not identified as

REPORT AND RECOMMENDATION - 1

a defendant in plaintiff's initial pleadings.  The DOC further notes that none of the DOC defendants identified in plaintiff's initial pleadings have ever been properly served in this action.  Finally, the DOC maintains that plaintiff's motion for temporary restraining order, though somewhat unclear, does not appear to provide any basis for the relief requested.  The DOC indicates its willingness to provide an additional response to plaintiff's motion if the Court deems it necessary, but suggests that the Court can render a decision on the record as it stands.  This Court concurs.

Plaintiff fails to meet the requirements of Fed. R. Civ. P. 65(b) for issuance of a temporary restraining order without awaiting a response and, in fact, plaintiff fails to meet the requirements for obtaining any form of injunctive relief.  The basic function of a preliminary injunction is to preserve the *status quo ante litem* pending a determination of the action on the merits.  *Los Angeles Memorial Coliseum Com'n v. National Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980).  To obtain preliminary injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of the equities tips in favor of the moving party; and (4) that an injunction is in the public interest.  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

As the DOC notes, plaintiff has yet to present this Court with a pleading which states any cognizable ground for relief.  Thus, at this juncture, there appears to be no likelihood that plaintiff will success on the merits in this action.  There also is an absence of any evidence that plaintiff is likely to suffer irreparable harm absent the requested injunction.  Plaintiff identifies in his motion papers a number of obstacles he faces in obtaining access to legal resources and to his personal legal papers at WCC.  However, none of these alleged obstacles should present an

REPORT AND RECOMMENDATION - 2

insurmountable barrier to plaintiff preparing the amended pleading required for this case to move forward. In fact, to the extent plaintiff intends to asserts that his lack of access to legal materials has affected his ability to timely respond to this Court's previous order granting him leave to file an amended pleading, an extension of the Court's previous deadline should provide plaintiff with an adequate remedy.

Finally, because, as the DOC notes, WCC Superintendent Scott Russell has not been identified as a defendant in this action, and because none of the DOC defendants identified by plaintiff in his initial pleadings has been properly served, these individuals are not parties to this action and, thus, this Court has no jurisdiction to enjoin their conduct.

Based upon the foregoing, this Court recommends that plaintiff's request for preliminary injunctive relief be denied. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **June 20, 2014**. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **June 27, 2014**.

DATED this 30th day of May, 2014.

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3