FILED ___ ENTERED
___ LODGED ___ RECEIVED

JUL 07 2014

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

CARL TOBIN
_____
(Name of Plaintiff)

vs.

BERNARD WARNER, et al.
_____
_____
_____
_____

(Names of Defendant(s))

Case No. C14-34-MJP-JPD

## CIVIL RIGHTS COMPLAINT BY A PRISONER UNDER 42 U.S.C. § 1983

1st Amended Complaint

**1. Previous Lawsuits:**   See attachment to this Section

A. Have you brought any other lawsuits in any federal court in the United States while a prisoner?:

☒ Yes      ☒ No   see below pg. 2

B. If your answer to A is yes, how many?:_____. Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same outline.)

1. Parties to this previous lawsuit:

Plaintiff:_____

Defendants:_____

# 1

**14-CV-00034-CMP**

1. **Previous Lawsuits:**

C. Have you brought any other a lawsuits in any State court while a prisoner?

☒ Yes.

The current civil rights action was b originally filed in the King County Superior Court of the State of Washington, Honorable Judge Timothy A. Bradshaw, Dept. 1 previously assigned Judge, 516 Third Ave, Seattle, WA 98104-2386   on   10/03/2013  File Date re: # 13-2-34777-6-SEA this case has wrongly been removed.- January 8, 2014.

1. .A.  UNDERLINE  JURISDICTION

Plaintiff claims the Superior Court for King County is the correct place of filing this action pursuant to 28 USC § 1332; RCW 4.12.020 et seq; RCW 4.92. 010 et seq; RCW 4.08.160; and RCW WASH. Const. Art. 4 § 6 ; 28 USC § 1441 et seq. Removal was improper, U.S. Const. Amendment 11. Remand is requested per 28 USC § 1447. Plaintiff reserves the right to void amount in controversy $75,000.00 should remand be denied. see also 28 USC §§ 1367 (a) (c); 42 USC § 1983 et seq.; 28 USC § 1332 -

2. Court (give name of District):_____

3. Docket Number: _____

4. Name of judge to whom case was assigned: _____

5. Disposition (For example: Was the case dismissed as frivolous or for failure to state a claim? Was it appealed? Is it still pending?):

_____

6. Approximate date of filing lawsuit: _____

7. Approximate date of disposition: _____

2. **Place of Present Confinement:** WASHINGTON CORRECTION CENTER, IMU, B102, PO Box 900, Shelton, WA 98584

    A. Is there a prisoner grievance procedure available at this institution?   ☒ Yes   ☐ No

    B. Have you filed any grievances concerning the *facts* relating to this complaint?

                                                       ☒ Yes   ☐ No

        If your answer is NO, explain why not:

        _____

        _____

    C. Is the grievance process completed?   ☒ Yes   ☐ No

        **If your answer is YES, ATTACH A COPY OF THE <u>FINAL</u> GRIEVANCE RESOLUTION for any grievance concerning facts relating to this case.**

3. **Parties to this Complaint**

    A. Name of Plaintiff: CARL TOBIN        Inmate No.: 909666

    Address: Same as in II above

    (In Item B below, place the full name of the defendant, his/her official position, and his/her place of employment. Use item C for the names, positions and places of employment of any additional defendants. Attach additional sheets if necessary.)

    B. Defendant: Bernard Warner        Official Position: Secretary

    Place of employment: State of Washington, Department of Corrections, P.O. Box 41100, Olympia, WA 98504-1100, Thurston County. Sued in individual and official capacity, along with spouse.

3

3.

Parties to this Complaint -cont'd

C. Additional defendant(s):

2. Defendant: Scott Frakes , Official Position: Deputy

~~Scott Frakes~~ Director of Prisons, State of Washington,

Sued in individual and official capacity along with spouse

Place of employment: POBox ~~41118~~ 41118, Olympia, WA ~~98584-1118~~ 98501 Thurston County

3. Defendant: Dan Pacholke , Official Position: Assistant

Secretary, Department of Corrections, State of Washington,

Sued in individual and official capacity along with spouse.

Place of employment: POBox 41100, Olympia, WA 98504-1100 Thurston County

~~4. Defendant: Ray Gonzalez, Official Position: Correctional~~

~~Manager Prisons Division, Command B, State of Washington, Thurston County~~

~~Department of Corrections; POBox 41100, Olympia, WA 98504-1100~~

~~Sued in individual and official capacity along with spouses.~~

5. Defendant ~~Sued~~: Scott Russell, , Official Position: Superinten-

t, Washington Correction Center, 2321 West Dayton Airport Road,

Shelton, WA 98584-0974, Department of Corrections, Mason County

Sued in individual and official capacity along with spouse.

6. Defendant: (John Doe) Sanchez, official Position: Property

Sergeant, Receiving Unit, herein after (R-Unit),

Place of employment: Washington Correction Center, R-Unit

2321 W. Dayton Airport Rd., Shelton, WA 98584-0974 Mason County

Sued in individual and official capacity along with spouse;

Department of Corrections herein after (D.O.C.).

3.

IV. Parties to this Complaint- cont'd

C. Additional defendant(s):

7, Defendant: John Doe_____, official Position: Correction Officer Property Officer, R-Units

place of employment: (W.C.C.) (R-Unit). (D.O.C.), 2321 W. Dayton Airport Rd., Shelton, WA 98584-0974, Mason County. Sued in individual and official capacity along with spouse.

8. Defendant: John Doe, #1, official Position: Correction Officer Bus Driver

place of employment: (W.C.C) (D.O.C), 2321 W. Dayton Airport Rd., Shelton, WA 98584-0974, Mason County. Sued in individual and official capacity along with spouse.

9. Defendant: John Doe #2, official Position: Correction Officer Bus Driver

place of employment: (W.C.C) (D.O.C), 2321 W. Dayton Airport Rd., Shelton, WA 98584-0974, Mason County. Sued in individual and official capacity along with spouse.

10. ~~Defendant: John Doe,_____, official Position: County Executive~~

~~place of employment: King County, Chinook Building, 401 5th Ave Suite: 800, Seattle, WA 98104, King County~~

~~Sued in his/her individual and official capacity along with spouse~~

11. Defendant: Claudia Balducci, official Position: Director King County Department of Adult and Juvenile Detention.

place of employment: King County Courthouse, 516 Third Avenue, Room B-245, Seattle, WA 98104 King County (KCCF) (RJC).

sued in her individual and official capacity along with spouse.

3.
III. Parties to this Complaint - cont'd

C. Additional defendant(s):

12. Defendant: John/Jane Doe, official Position: Director
place of employment: Regional Justice Center, 620 West James
Street, Kent, WA 98032,                King County,
sued in individual and official capacity along with spouse

13. Defendant: John Doe,            official Position: Sheriff
place of employment: King County Sheriffs office, 500 5th Ave.
Seattle, WA 98104,                King County,
sued in individual and official capacity along with spouse.

14. Defendant: Dean Owens,         official Position: Sergeant,
Grievance Investigator of Offender Complaints.
place of employment: Regional Justice Center herein after (R.J.C)
620 West James St., Kent, WA 98032, including, King County
Department of Adult & Juvenile Detention herein after (DAJD),
King County Correctional Facility herein after (KCCF) 500 5th
Ave Seattle, WA 98104            King County
sued in individual capacity    along with spouse.

15. Defendant: (Jane Doe), Coleman, official Position: Property
Officer                                              correction officer
Officer
place of employment: (R.J.C), 620 West James St, Kent, WA 98032,
                                King County
sued in individual and official capacity along with spouse

3.

~~IV.~~ Parties to this Complaint - cont'd

C. Additional defendant(s):

16. Defendant: Jane Doe #2 , official Position: ~~Correction Officer~~ Property

Officer , a caucasian female officer,

Place of employment: (R.U.C), 620 West Janes St, Kent, WA

98032,                                    King County

Sued in individual and official capacity along with spouse

17. Defendant: John/Jane Doe, official Position: ~~Correction Officer~~ Property

Officer

Place of employment: (KCCF) 500 5th Ave., Seattle, WA 98104

King County.

Sued in individual and official capacity along with spouse.


~~IV. Statement of Claim~~

4 - A. BACKGROUND FACTS

1. On 12-24-2011 Plaintiff confined at the King County Correct-

ional Facility herein after (KCCF) and subsequently convicted

of Robbery 1 and Malicious harassment, in the State of

Washington, County of King, Superior Court Cause Number

# 11-1-08546-1 on 08-17-2012.


2. On 09-14-2012 Plaintiff sentenced and committed to the

jurisdiction, custody and control of the Washington State

Penitentiary, Department of Corrections herein after (D.O.C),

and did submit his Notice of Appeal to the State of

~~III. Statement of Claim~~

4. A. BACKGROUND FACTS - cont'd

Washington Court of Appeals. Plaintiff was given copies of his trial transcripts from his ~~attorney~~ trial attorney Theresa Griffin.

3. From the dates of 12-24-2011 through 09-18-2012, during Plaintiffs confinement as a pre/trial detainee, located at the (K.C.C.F), Plaintiff did file a number of inmate grievances, and/or official complaints regarding adverse conditions of confinement, and did attempt to file a City of Seattle Police Department Tort Claim and Complaint for the Excessive Use of Force, Assault and Battery including (K.C.C.F) denial of and deliberate indifference to medical attention to wit; Plaintiffs torn rotator cuff Re! Seattle Police Department herein after (SPD) Public Disclosure # 2012-2973; Claim # 87234 on or about 08-30-2012.

4. Plaintiff did during the above stated confinement accumulate numerous and various legal research directly related to all the above legal actions and issues, from the KCCF law library indicated in EXHIBITS B and C filed with the original action.

- 8 -

~~IV. Statement of Claim~~

4. A. <u>BACKGROWD FACTS</u> - cont'd

5. Defendant, #14. <u>Deon Owens</u>, <u>Sergeant</u>, Investigator/ <u>Grievance Coordinator</u> for (KCCF) and Regional Justice Center hereinafter (RJC), did prior to plaintiffs transfer on 09-18-2012 to the custody of (D.O.C.) visit Plaintiff cell located at (KCCF) 10th Floor segregated cell front door and did investigate issue(s) of certain grievance(s) Id above in No. 3 of this section a). Denial of Access to Law Library, and/or Carts, b). Denial of Religious Freedom and Accommodation, c) Denial of Adequate Medical Attention, d) Including but not limited to Conversion Tort Complaint re: approx $35.00 dollars theft of plaintiffs funds by use of defective phone procedure Pin # theft by another inmate re note All complaints Stem from (KCCF). During this investigation Plaintiff did discuss Active Pending Criminal and Civil endeavors Id. above

6. On 09-18-2012 located at (KCCF) 10th Floor or 11 Floor plaintiff was told to "Roll up for transfer." c/o Dang Upon escort to release station ground floor c/o Dang, 10th or 11th Floor booth officer gave to plaintiff a large green b' plastic transparent garbage bag. Stating, "You can only take legal property on chain."

9

~~IV. Statement of Claim~~

4. A. <u>BACKGROUND FACTS</u> - cont'd

Plaintiff placed all legal property in the green plastic transparent garbage bag. Note! All File Folders, Manilla envelopes clearly marked "legal" was visible through transparent bag. Id above herein after "(green bag)"

7. During post-release-transport process, Plaintiff was strip searched, all personal legal property placed in said green bag was verified by the King County Sheriff and/or Marshall, an Afro American officer asking Plaintiff, "Is this your legal property?" Note: This officer seemed and expressed reluctance, anxiety, shaking his head, Plaintiff responded, "Yes, this is my current ~~active~~ and pending appellate trial transcripts and legal research, and documents." Defendant #13 Id above.

8. Plaintiffs (green bag) was then tied and was seized by the Defendant #13 Id above King County Sheriff. Note: It is unknown if plaintiffs (green bag) was actually and correctly labled as legal ~~and/or held~~ by ~~plaintiff~~ Defendant, as requested by plaintiff, by any of the KSCF. staff Plaintiff should have but was not given a property receipt.

~~IV Statement of Claim~~

4 'A. <u>BACK GROUND FACTS</u> - cont'd

9. Plaintiff is transported from (K.C.C.F.) to (R.J.C.) - Kent, and placed in glass windowed front - 'holding cell' where Plaintiff witnessed post-release-transport process, all inmates from chain bus -(D.O.C) removed from their temp-orary holding cells, and questioned by ~~████~~ Defendant(s) C/o Coleman, (Jane Doe) #15 ~~&~~ Id above, and ~~████~~ c/o Jane Doe #2, Id.[#16 Defendant] both (R.J.C.) -Kent Property Officers, ~~plaintiff property (green bag) was checked, Identified, and~~, property was checked for contraband and placed in small brown paper bags, and placed on a large steel crated Property Cart., Plaintiff did notice 1 - large green plastic bag containing plaintiff's legal documents on said property cart, the only (green bag) or legal property.

10, Plaintiff was called out of said holding cell and process-ed by both Defendant(s) c/o Coleman, Jane Doe, and c/o Jane Doe #2 Id., and asked " Is this all legal property ? " re! (green bag) , Plaintiff stated, " Yes, " Will it go with me to (D.O.C) Shelton ? c/o Coleman, Jane Doe stated, " Yes, only legal can go with you ," " It should, " re! (green bag) . Again plaintiff not given any property receipt (as requested), from either officers Id herein.

- 11 -

~~IV Statement of Claim - cont'd~~

4'A BACKGROUND FACTS - cont'd

11. Plaintiff is processed out for transport - prior to boarding the (DOC) (WCC) Chain Bus, Plaintiff did watch Defendant(s) c/o Coleman, Jane Doe, and c/o Jane Doe #2, Id. Property officers, both manually roll out said (Property Cart) containing all Indicated personal property belonging to plaintiff's ~~████~~ (green bag) along with brown paper bags. of other inmate Id, to ~~████~~ enterance/ exit door of (R.J.C) - Key facility, presumably to ~~███~~ said WCC Chain Bus, -

12. Shortly thereafter, Plaintiff escorted with all inmate Id. above, to said (WCC) Chain Bus Id above, during which time Plaintiff did notice and spoke to Defendant, Dean Owens, Id above #14. and did inquire about any updates, developments of plaintiffs Stolen funds Id above, Defendant Dean Owens, stated "I've concluded the ~~████~~ investigation and the Jail is not ~~██~~ responsible, did you give your Pin number to another inmate?" "That's what another inmate told me." Plaintiff responded, "I did file a grievance now I must file a tort claim." "I didn't give any inmate my Pin #," Plaintiff then boards said Chain Bus in rout to (WCC). By Defendant(s) Nos 8 and 9 Id above, John Does #1 and 2 Bus Drivers.

4,A,
BACKGROUND FACTS - Cont'd

13. None of the (K.C.J) or (R.J.C.-Kent) officials:

a). Provided a oral or written notice or receipt of any property belonging to Plaintiff that was in fact seized, confiscated or rejected by (K.C.J), (R.J.C.-Kent) or (DOC) (W.C.C) officials(s).

14. None of the (DOC) (W.C.C.) c/o John Doe, No(s) 1, 2 or 3 Chain Bus Driver(s):

a). Provided a oral or written notice or receipt of any property belonging to Plaintiff - which was rejected, or received legal or other.

15. Plaintiff along with all other inmates Id, above, arrived at the (DOC) (W.C.C) (R-Unit) - Main Property Room. On 09-18-12 @ approx 4:00 pm.

16. (DOC) (W.C.C.) (R-Unit) c/o John Doe, [Defendant #7] Property Officer did issue brown paper bag(s) out to "named" inmates Id. above ~~~~~, Plaintiff is called and was given by Id. Property Officer ~~~~ I/M Witness Steve Teppit's, brown paper bag containing a (D.O.C) (WCC) - (R-Unit) Property Receipt on the said receipt plaintiff notices the boxe(s) checked: (as follows)

  note: I/M Steve Teppit is a witness for plaintiff

13

4A.

## BACKGROUND FACTS. — cont'd

17. cont'd ☐ Yes ☒ No : Phone / Address Book,

☒ Yes ☐ No! Legal to Property, signed by (D.O.S.) (W.C.C.) (R-Unit) Property Room Sergeant (John Doe) Sanchez.

18. I/M Steve Tappit is called by Property Officer Id. # (I # 14). And was given Plaintiffs brown paper bag, containing a (D.O.C.) (W.C.C.) (R-Unit) Property Receipt, on the property receipt I/M Steve Tappit and Plaintiff, notices the following boxe(s) checked:

☒ Yes ☐ No! Phone / Address Book,

☐ Yes ☒ No.! Legal to Property, signed by (DOC) (WCC) (R-Unit) Property Room Sergeant (John Doe) Sanchez.

19. Plaintiff together with I/M Steve Tappit both did approach c/o John Doe, Property Officer Id (above) Defendant #7

a). I/M Steve Tappit stated to c/o John Doe, Property Officer Id (above I #14). :

" I am missing my phone - Address Book, and You gave me the wrong property receipt, I don't have any legal property. "

b) I/M Steve Tappit then returned said property receipt back to c/o John Doe, Property Officer Id (above I #14).

14

4.A.

## BACKGROUND FACTS -cont'd

20. Plaintiff did return to c/o John Doe, Property Officer, ld (above #16) I/M Steve Tappit's (D.O.C.) (W.C.C.) (R-Unit) Property Receipt.

21. c/o John Doe, Property Officer ld (above #16) did then receive both ld property receipts from I/M Steve Tappit, and Plaintiff.

22. c/o John Doe, Property Officer ld (above #16) did then on I/M Steve Tappits ld. property receipt correctly by hand written checking of appropriate boxe(s):

☒ Yes ☐ No : Phone/Address Book,

☐ Yes ☒ No ! Legal to Property,

Note! No signature as requested on editing corrections. Re! I/M Steve Tappits missing phone/address book c/o John Doe, Property Officer ld (above #16) stated, " I dont know what to tell you, file a grievance. "

23. c/o John Doe, Property Officer ld (above #16) did then On Plaintiffs ld. property receipt correctly edit by hand written checking of appropriate boxe(s):

☐ Yes ☒ NO : Phone/Address Book,

☒ Yes ☐ NO ! Legal to Property, Note! No signature as requested on editing corrections by Property Officer ld (# #16).

4.A

8- <u>BACKGROUND FACTS</u> -cont'd

24. Plaintiff did request to speak to (~~John Doe~~)

[Defendant #6] Sargeant (John Doe) Sanchez, however,

c/o John Doe, Property Officer Id (above # 16)

did state to Plaintiff, ██████ "Sargeant ██████

(John Doe), Sanchez, is not here right now,

he may be here later or next shift., you

can write him a kite. "

25. Plaintiff requested to verify transported legal

property, (green bag) Id. ████ (████████), c/o

Defendant ██████, John Doe, Property, Officer (Id above # 16)

Stated to Plaintiff : " Upon arrival to R-Units,

all legal property is sent to Property Main

Institution then the Law Librarian, John Thompson,

will place you on the call out, you can

kite him. " (W.C.C.) (D.O.C.).

26. Defendant

██ c/o John Doe, Property Officer Id @bove # 16) did

then re:issue to each Plaintiff and ████ I/M

Steve Toppit the manually corrected Id. above property

receipts, by hand, and ink pen.

Note: this correction ~~does~~ not show on computer OMNI. (Doc).

4.A-

## BACKGROUND FACTS - cont'd

27. On or about the date(s) from 09-18-2012 through 10-30-2012 plaintiff repeatedly inquired about said (green bag) of personal legal property to (DOC) (WCC) Law ~~Library, its~~ Librarian John Thompson, and Main Institution Property Room, including but not limited to R-Unit Property Room Sargeant (John Doe) Sanchez, ~~accord~~ according to John Thompson, he has not received anything, no property ~~to~~ (green bag) belonging to plaintiff, and "Property could be in transit to WCC DOC." per John Thompson There is no response or no acknowledgment of receipt of said (green bag) belonging to plaintiff from any (DOC)(WCC.) officials.

28. On or about 10-30-2012 Plaintiff receives an alleged Washington Administrative Code violation herein after (WAC) Code 709 Out of Bounds serious major infraction for going to the WCC DOC WCC R-Unit Law Library and attempting and actually succeeding to speak and receive approval for emergency priority Law Library Access., and to inquire about lost, missing, "green bag) of legal property.

29. (per Doc policy) Plaintiff required to present proof of pending active legal court date ~~the~~ in order to access (DOC) (WCC) law Library.

-17-

4.A-

## BACKGROUND FACTS -cont'd

30. Plaintiff files a (DOC) (WCC) offender Complaint, Log I.D. # 12523139 dated 12-01-2012 original complaint submitted 11-05-2012, was told to " Re write" EXHIBIT A.

31. Plaintiff files STANDARD TORT CLAIM FORM # SF 210 with Department of Enterprise Services, Risk Management Division STATE TORT CLAIM # 31078597 On 12-19-2012, EXHIBIT B

32. Plaintiff files Claim for Damages, Department of Executive Services Risk Management Division - King County Tort Claim # 51716 On 12-19-2012 EXHIBIT C.

33. Plaintiff did write letter to (RJC-Kent), Defendant #12 and c/o (Jane Doe) Coleman, Prop Ofcr, Director, John / Jane Doe, with DEMAND for return, shipment to Plaintiff, 1-(Green Bag) of personal legal property, Id. above ~~_____~~ and grievance form FN1. On or about December 01, 2012.
No response to date.

34. Plaintiff did write letter to ~~_____~~ Defendant. #11, Claudia Belducci Director, King County Department of Adult Detention, 500 5th Avenue, Seattle, WA 98104 On 12-19-2012.

- 18 -

4. A. BACKGROUND FACTS - cont'd

35. Cont'd inquiring of (green bag) "Any property at the jail please call Thomas E. Tobin, my Dad w/ #. for pick up. and Note: "[these] documents along with other medical, trial transcripts, legal research was illegally seized."

Requesting: "Please instruct your mail room to forward all US Mail to the above SCCC address." and "Thank you please forward to the above address" (DOC) ▓▓▓▓▓ or Stafford Creek Correction Center herein after (SCCC).

36. On 12-21- 2012 Plaintiff receives letter from <u>Karen L. Graham</u>, <u>Claims Manager</u>, re: King County Claim # <u>51716</u> Date of loss <u>09-18-2012</u>. EXHIBIT E.

37. On ▓▓ 01-03-2013 plaintiff receives a letter (response) from (K.C.J) <u>Andrea Williams</u>, <u>Records and Information Systems Manager</u>, with the correct name of <u>defendant</u>, <u>Sergeant Dean Owens</u>, EXHIBIT F, EXHIBIT G.

38. On 01-08-2013 plaintiff receives letter from <u>Colin Wilson</u>, <u>Tort Claims Investigator</u>, ▓ EXHIBIT H

4-A

BACKGROUND FACTS. ~cont'd

39. On 11-07-2012 plaintiff did to mail original (DOC) (WCC) (R-Unit) property receipt Id (above) "Correctly edited (manually)" by c/o John Doe, Property Officer Id (above #16), to plaintiffs trial attorney re: decribed (above), for safe keeping in case of unrecovery of said (green bag) - by (DOC) (WCC) (R-Unit) Institutions Mail addressed to Therese Griffin, of Griffin Law Offices, 3022 63rd Ave S. W. Suite: 302, Seattle, WA 98116, (206) 271-1928 (voice), (206) 264-5031 (fax) - Witness

40. Plaintiff mails second letter to above Id trial attorney Therese Griffin, dated 12-14-2012 requesting copy and return of said property receipt. Id (above).

41. 3e. On or about 01-08-2013 plaintiff receives letter from above (same) trial attorney Therese Griffin. see attached EXHIBIT(S), H and I.                        Witness for plaintiff

42. On or about 09-18-2012 through 11-20-2012 plaintiff did disclose and display said (DOC) (WCC) (R-Unit) Property Receipt to I/M Elvis Lopez DOC# 813011, Plaintiffs cell mate, WCC-R-4- Witness for plaintiff

4. A

BACKGROUND FACTS - cont'd

43. On or about 04-15-2013 plaintiff writes a letter to Karen L. Graham, Claims Manager, King County. EXHIBIT I.

44. On or about 04-15-2013 plaintiff writes letter to Mr. Colin Wilson, Tort Claims Investigator. EXHIBIT J.

45. On or about 08-12-2013, plaintiff receives letter dated August 1, 2013 (2) pages from Colin Wilson, Tort Claims Investigator with pgs 2 of 2. EXHIBIT K, K-1

5. ~~The~~ CAUSE OF ACTION

COUNT I

1- The following State of Washington Tort Claim of Conversion has been committed by Defendant, Dean Owens, Sergeant, Grievance Investigator, converted plaintiff's Legal documents, (green bag), without lawful justification and has deprived plaintiff possession of *said property, together along with Defendant John/Jane Doe, KCCF. Property Officer, when he/she refused to forward or provide receipt of seized (green bag). acting under Color of State/Federal law.

2. Defendant(s) Dean Owens, including Defendant John/Jane Doe, RCCF Property Officer (s) conversion was willful, malicious and caused plaintiff atypical significant hardship and actually created detriment by arbitrary and capricious confiscation and actually impeded access to courts, ~~to~~ in violation of WASH. Const Art 1 § 22 [Amend 10], oppressive.

3. Defendant(s) Id in Nos 1, 2 above acted in concert to conceal plaintiff's (green bag) including Nos 8, 9 Defendant Bus Driver. Id above.

COUNT II

1. The following civil rights have been violated = under color of law Defendant(s) No. 13 John Doe, Sheriff for King County, together with No. 14, Dean Owens, Sergeant; No. 15, (Jane Doe) Coleman Property Officer; No. 16 Jane Doe #2 Property Officer; No. 17, John/Jane Doe, Property Officer, together and each of them did not provide at no time actual or constructive notice of receipt, of said (green bag) plaintiffs legal documents ~~████~~ constitutes a). Violation of State Constitution Article I Section 3, 22 and [Amendment 10]; United States Constitution Amendment (s) 1, 4, 5 & 8 ~~2nd~~ 14 in contravention of 42 U.S.C. Section 1983. resulting in loss, destruction of (green bag) of plaintiff.

22

5. ~~THE~~ CAUSE OF ACTION. - cont'd

COUNT II - cont'd

2. The actions of above defendant(s) in this court above were actions under color of state and federal law, and by a policy and practice that violated state statutes ld. in original complaint. including but not limited to RCW 9.92.110.  oppressive

~~_____~~    COUNT III

1. The following State of Washington Tort claim of Fraud and Misrepresentation was committed by Defendant(s). No 6. (John Doe) Sanchez, Property Sergeant, R-Unit. together with; No. 7., John Doe, Property Officer - R-Unit when they together produced and provided 1- Property Receipt belonging to I/M Steven Tappit - the property receipt belonging to Plaintiff. And then and there did produce and provide 1- Property Receipt belonging to Plaintiff - the property receipt belonging to I/M Steven Tappit.

a). by fraud and deception did conceal material facts, and did represent false misrepresentations knowingly and willingly in attempt to deceive in concert the ~~too~~ true facts of incoming property coming in from ~~_____~~ another ~~_____~~ local governmental agency  to wit! (KCCF) ~~King County Correctional Facility~~ - (R-J.C) or King County Adult and Juvenile Detention, oppressive.

b). Plaintiff did rely on false hand modified edited WCC DOC ~~R~~ R-Unit Property Receipts, thinking that Plaintiffs property (green bag) was located ~~at~~ or soon thereafter to be transported to (WCC) (DOC) R-Unit. Causing extreme mental anguish pain and suffering facts above under color of State/Federal law.

23

5.

~~IN~~ CAUSE OF ACTION - cont'd

COUNT IV

The following civil rights have been violated:

1. Acting under color of federal and state law, the Defendant(s). Claudia Balducci, Director, No. 11; along with Defendant No. 1, Bernard Warner, Secretary; No. 2 Scott Frakes, Deputy Director of Prisons; No. 3 Dan ~~[illegible]~~ Pacholke, Assistant Sec. of (DOC); ~~No. 4, Ray Gonzalez, Correctional Manager DOC~~; No. 5, Scott Russell, Superintendent did conspire to deprive plaintiff (a class of minority to wit: Native American, Afro-American desent including but not limited to Criminal Appellant - (Pro Se Supplemental), Indigent, mentally deficient or Social Security Disability) at time of arrest on current conviction Id above. Specified class ~~based~~ invidious discrimination ~~[illegible]~~ Under 42 USC § 1981 (a), (c); 42 USC § 1983; 42 USC § 1985 (2), (3). ; oppressive

2. Above defendants did ~~[illegible]~~ Collectively, Jointly and Severally conspire[d] to commit the tort of conversion (state tort), by and through their inaction omission to perform the affirmative act of Adoption, Designing, Implementing and Maintaining, execution of policies and practices that in their well informed and considered judgment would and actually did adversely ~~r~~affect plaintiff. a). Personal legal papers, materials, both prior to, ~~[illegible]~~ during, and after actual and constructive transfers to state Prison from the King County Department of Adult and Juvenile Detention facilities. ie.; (KCCF) and (RJC), as required by State/Federal Statutes, rules, regulations and Constitutions and,

24

5.

~~VIII.~~ CAUSE OF ACTION - cont'd

COUNT IV. - cont'd

3. Such did cause the forfeiture and deprivation of legitimate claim of entitlement of plaintiffs' seized legal papers (green bag), and did set in motion codefendent - joint tort feasors - (subordinates) Id above per each entity, of which reasonably should have known would cause defendent (s) to inflict further infringments and injuries to plaintiff's rights and property, a common scheme and plan in violation of Washington Constitution Art. 1. §§3.2, 22 [Amendment 10] ; U.S. Constitution Amendment (s) 1, 4, 5, and 14. ; RCW 9.92.110. ~~oppressive~~.

4. All defendent (s) herein this action in counts (I - V) Id above ~~above~~ resulting and but for their actions did cause a total loss of opportunity to raise plaintiffs' voice in the courts or exhaust available remedies, have been chilled, through fear of further reprisals to redress grievances filed, without further retaliation. oppressive.

5. Plaintiffs' loss of his legal papers prevented his drafting complaint (s), including opportunities prepare, serve, and file pleadings or other documents in the courts, attorneys, or to Judges, to assert or sustain a defense therein, and to send and receive communications to and from judges concerning all above matters.

COUNT ~~IX~~ V

1. The following civil rights violations have been violated : Defendent (s) Nos. 8 and 9 , John Doe #1 and John Doe #2 Bus Drivers for WCC, should have but did not receive Plaintiffs' property (green bag) Id. under their jurisdiction and

25

5. ~~IXX~~. CAUSE OF ACTION - cont'd

COUNT ~~VI~~ cont'd

control. There by did violate plaintiffs. State Constitution Art. 1 SS 3, 22 [Amendment 10]; U.S. Const. Amend(s) 1, 4, 5, and 14 in contravention of 42 USC S 1983 resulting in loss, destruction of (green bag) of plaintiff, mental anguish. ~~XX~~ - As a result of All Count(s) and actions of all Defendants plaintiff has not been able to file his Statement of Additional grounds with the State Court of Appeals, # 693280 filing date 09-14-2012, due date 07-19-2013, nor any other form of Collateral attack on Judgment and Sentence, ~~XXXXX~~ pursuant to Rcw 10.77; Supreme Court for Washington denied plaintiffs petition for Review on June 4, 2014.; plaintiff has filed a incomplete defective Petition in the Court of Appeals - Div. I on 06-05-2013. which has been on hold or Stayed.; The Court of Appeals filed Certificate of Finality - Affirming plaintiff conviction. on June 6, 2014 re! # 70977-1-I and Superior Court No. 11-1-08546-1 SEA

COUNT ~~VII~~.

a). Plaintiff(s) did suffer mental anguish, pain and suffering. as a result of all Counts, and defendants actions id above. amounting Cruel and Unusual punishment.

b). Acts done in retaliation for filing grievances and challenging conviction and sentence. Id above. without legitimate penological justification did chill plaintiffs rights. US Const. Amend 8.; 42USC S 1983; WASH. Const Art. 1 S 22 [Amend. 10.] by all defendant(s) collectively. jointly and severally.

Ⅴ REQUEST FOR ~~XXXXXX~~ RELIEF

I believe that I am entitled to the following specific relief:

" Wherefore, plaintiff prays for relief as follows:

26

5. ~~XII.~~ REQUEST FOR RELIEF - cont'd

1. ~~XXXX~~ That the court enter judgment declaring the acts of defendants Dean Owens along with John/Jane Doe, #17, did commit the State of Washington Tort of Conversion in violation of the WASH. Const Art 1 § 22 [Amend. 10], including state statutes RCW ~~to~~ 9.92.110.

2. That the court order judgment declaring the acts of defendant(s) No. 13 John Doe, Sheriff for King County, together with No. 14 Dean Owens, Sergeant; No. 15 (Jane Doe) Coleman, Property Officer; No. 16 Jane Doe #2 Property Officer; No. 17, John/Jane Doe, Property Officer to violate the State Constitution Washington Const's Art 1 Sections 3, 22 [Amend. 10]; United States Constitution Amendments 1, 4, 5, ~~XXXX~~ 8, 2nd 14th ~~XXXX~~ under 42 USC § 1983. including but not limited to RCW 9.92.110.

3. That the court order judgment declaring the acts of defendant(s) No. 6 (John Doe) Sanchez, together with No. 7 John Doe, Prop. Ofcr. -R-Unit constitutes Washington State Tort of ~~XXXX~~ Fraud and Misrepresentation causing mental anguish pain and suffering to plaintiff.

4. That the court order judgment declaring the acts of defendant(s) No. 11 Claudia Balducci; No. 1 Bernard Warner; No. 2 Scott Frakes; No. 3 Dan Pacholke, ~~No. 4~~ ~~Roy Gonzalez~~; No. 5 Scott Russell did conspire to ~~and~~ ~~XXXX~~ and did deprive plaintiff ~~XXXX~~ a class of minority indicated in Count IV (1) ~~deprive~~ rights stated in Count IV (1) and (2). in violation of 42 USC §§ 1981 (a) (c); 1983; 1985 (2) (3). including oppressive conduct.

~~26~~ 27

5. [ ] . REQUEST FOR RELIEF - cont'd

4. - cont'd

collectively, jointly, and severally did conspire to commit the State of Washington Tort of Conversion, through their in-action omission to perform the affirmative act of Adoption, Designing, ~~indicated~~ Implementing and Maintaining proper execution of policies and practices and procedures, and in fact was well informed and considered resulting injury to plaintiff, loss of property, green bag, including infringement of state created statutes and constitution and federal statutes, and constitution Id in Count IV. (1) (3), right to access the courts, and right to petition grievances.

5. That the court enter judgment declaring the DOC, KCCF and RJC policy and practice of restriction, deprivation, and seizure of plaintiff and his class oppressive, unconstitutional, violating both State and federal constitutions

6. That the court enter judgment declaring that at no time did plaintiff consent to or waive any ~~indicated~~ indicated rights to confiscation, seizure, conversion, of his non-contraband legal papers (green bag)

7. That the court enter judgment declaring the acts of defendants Nos. 8 and 9, John Doe #1 and John Doe #2 DOC Bus Driver did violate plaintiff Washington State Constitution Art 1 SS 3, 22 [Amend 10]; U.S. Const. Amend(s) 1, 4, 5 and 14, in contravention of 42 USC S 1983. including RCW 9.92.110. When they did not receive, assume jurisdiction or control of plaintiffs property green bag upon transport

28

5. <u>REQUEST FOR RELIEF</u>

8. That the Court award general damages to plaintiff.

9. That the court award punitive damages to plaintiff.

10. That the court award emotional distress absent physical injury.

11. That the court award statutory damages to plaintiff.

12. That the court award attorney fees to plaintiff

13. That the court award compensatory damages to plaintiff

14. That the court award nominal damages

15. That the court enter judgment declaring the Defendants jointly and severally by their acts and omissions did constitute callous reckless disregard to plaintiff rights and property alleged in this complaint, oppressive

16. That the court ☐☐☐☐ enter judgment declaring that ☐☐ Defendant(s) did waive any and all immunities as a result of their acts and omissions to protect plaintiff rights and property Id. above section.

17. That the court grant such other further relief to plaintiff as it deems appropriate.

18. Subtotal amount less then $75,000.⁰⁰ combined.

I declare under penalty of perjury that the forgoing is true and correct.    Signed this 18th day of June 2014.

29    _Carl S Fred_