UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARL STEVEN TOBIN,<br><br>                    Plaintiff,<br><br>         v.<br><br>KING COUNTY DEPARTMENT OF ADULT AND JUVENILE DETENTION, et al.,<br><br>                    Defendants. | CASE NO. C14-34 MJP<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING DEFENDANTS' MOTIONS TO DISMISS AND PLAINTIFF'S MOTION TO REMAND |

THIS MATTER comes before the Court on Plaintiff's Objections to the Report and Recommendation of the Honorable James P. Donohue, United States Magistrate Judge. (Dkt. No. 48.) Having reviewed the Report and Recommendation, Plaintiff's amended complaint, Defendants' motions to dismiss, Plaintiff's motion to remand, Plaintiff's oppositions to Defendants' motions to dismiss filed after the Report and Recommendation, Plaintiff's Objections to the Report and Recommendation, and all related papers, the Court hereby

ORDER ADOPTING REPORT AND
RECOMMENDATION, GRANTING
DEFENDANTS' MOTIONS TO DISMISS AND
PLAINTIFF'S MOTION TO REMAND- 1

ADOPTS the Report and Recommendation, DISMISSES with prejudice Plaintiff's federal constitutional claims, and REMANDS any remaining state law claims.

## Background

Plaintiff makes seven objections to Judge Donohue's Report and Recommendation: (1) Plaintiff objects to Judge Donohue's finding that Plaintiff did not timely respond to Defendants' motions to dismiss; (2) Plaintiff argues that Judge Donohue mischaracterized his filing of an official grievance form regarding his missing property as "repeated inquiries" regarding that property; (3) Plaintiff objects to Judge Donohue's statement that Plaintiff filed a series of amendments to his complaint because Plaintiff filed both supplements to his complaint and also amended complaints; (4) Plaintiff objects to Judge Donohue's conclusion that Plaintiff has failed to plausibly allege that Defendants personally participated in any constitutional violations; (5) Plaintiff objects to Judge Donohue's conclusion that his state law claims are subject to dismissal; (6) Plaintiff objects to Judge Donohue's conclusion that Washington State provides a post-deprivation remedy for the allegedly tortious conduct at issue; and (7) Plaintiff objects to Judge Donohue's recommended dismissal of his federal constitutional claims. (Dkt. No. 48.)

## Discussion

I. Legal Standard

Under Federal Rule of Civil Procedure 72, the Court must resolve de novo any part of the Magistrate Judge's Report and Recommendation that has been properly objected to and may accept, reject, or modify the recommended disposition. Fed. R. Civ. P. 72(b)(3); See also 28 U.S.C. § 636(b)(1).

1     Although Plaintiff did not timely object to Judge Donohue's Report and
2 Recommendation, the Court will nevertheless consider Plaintiff's Objections as well as his
3 oppositions to Defendants' motions to dismiss. (Dkt. Nos. 42, 43.)

4     II.    Objections

5     In Plaintiff's first objection, he argues that his responses to Defendants' motions to
6 dismiss should be considered timely, and thus Plaintiff takes issue with Judge Donohue's
7 statement that "Plaintiff has filed no response to either motion despite having ample opportunity
8 to do so." (Dkt. No. 48 at 1, 10.)  The Court agrees with Judge Donohue that Plaintiff had many
9 weeks to respond to Defendants' motions and failed to do so; nevertheless, the Court will
10 consider Plaintiff's oppositions, along with his Objections, in considering the merits of his
11 claims.  The Court will not consider Plaintiff's second amended complaint (Dkt. No. 45),
12 however, because it was filed without leave of court and Plaintiff has already had multiple
13 opportunities to clarify and amend his complaints.  See Fed. R. Civ. P. 15.

14     In Plaintiff's second objection, Plaintiff appears to contest Judge Donohue's
15 characterization of Plaintiff's attempts to retrieve his property.  (Dkt. No. 48 at 2-3.)  Judge
16 Donohue states that Plaintiff made repeated inquiries about his bag of property, and Plaintiff
17 writes in his Objections that "Plaintiff did file a DOC official complaint of WCC grievance form,
18 however, WCC staff grievance coordinator told plaintiff to 'rewrite,' upon transfer to S.C.C.C.
19 Stafford Creek Correction Center." (Id. at 3.)  The Court notes that Plaintiff filed the grievance
20 form, but finds that this fact does not contradict Judge Donohue's Report and Recommendation.

21     In Plaintiff's third objection, Plaintiff argues that Judge Donohue's statement that
22 Plaintiff filed a series of amendments to his complaint is incorrect because Plaintiff filed
23 supplements to his original complaint as well as amended complaints.  (Dkt. No. 48 at 3.)  The

24 ORDER ADOPTING REPORT AND
RECOMMENDATION, GRANTING
DEFENDANTS' MOTIONS TO DISMISS AND
PLAINTIFF'S MOTION TO REMAND- 3

1  Court finds that Judge Donohue's statement is an accurate and appropriate characterization of the
2  record.

3  In Plaintiff's fourth objection, Plaintiff objects to Judge Donohue's conclusion that
4  Plaintiff has failed to plausibly allege that Defendants personally participated in any
5  constitutional violations. (Dkt. No. 48 at 3, 9.) The Court agrees with Judge Donohue's
6  conclusion that while Plaintiff has provided conclusory statements alleging constitutional
7  violations, his pleadings fall short of the requirements of Red. R. Civ. P. 8 and he has failed to
8  adequately demonstrate the personal participation of the named Defendants.

9  In Plaintiff's fifth objection, Plaintiff objects to Judge Donohue's conclusion that his state
10 law claims are subject to dismissal for failure to plead facts supporting his claims. (Dkt. No. 48
11 at 4.) Judge Donohue did not conclude that Plaintiff's state law claims were subject to dismissal
12 for failure to plead facts—the portion of the Report and Recommendation that Plaintiff quotes
13 from is the portion where Judge Donohue restates the arguments raised by Defendants. Judge
14 Donohue concluded that Plaintiff's state law claims should be remanded to King County
15 Superior Court. (Dkt. No. 41 at 9.)

16 In Plaintiff's sixth objection, Plaintiff objects to Judge Donohue's conclusion that
17 Washington State provides a post-deprivation remedy for the allegedly tortious conduct at issue.
18 (Dkt. No. 48.) Judge Donohue found that remedies were available under RCW 4.96 and 4.92,
19 and that Plaintiff had not alleged any due process inadequacy in the remedies provided by those
20 statutes. (Dkt. No. 41 at 9.) Plaintiff argues that Defendants have not provided him with "any
21 remedy requested by plaintiff for the state tort of conversion, for the denial of access to the
22 courts, to the right to appeal my conviction, current conviction, as a matter of right." (Dkt. No.
23 48 at 5.) The Court agrees with Judge Donohue that post-deprivation remedies are provided by
24

ORDER ADOPTING REPORT AND
RECOMMENDATION, GRANTING
DEFENDANTS' MOTIONS TO DISMISS AND
PLAINTIFF'S MOTION TO REMAND- 4

state law and that Plaintiff has not alleged any viable claim for relief under § 1983.  To the extent that Plaintiff has valid state law claims against Defendants arising from the conduct at issue, those claims are remanded to King County Superior Court.

In Plaintiff's seventh objection, Plaintiff objects to Judge Donohue's recommended dismissal of his federal constitutional claims.  (Dkt. No. 48 at 5.)  Plaintiff argues his federal constitutional claims should be remanded alongside his state law claims, so as to allow for discovery on all claims.  The Court agrees with Judge Donohue that Plaintiff's federal constitutional claims should be dismissed, and also agrees that any remaining state law claims should be remanded to the Superior Court.

## Conclusion

The Court ADOPTS the Report and Recommendation of the Honorable James P. Donohue, United States Magistrate Judge.  Defendants' motions to dismiss (Dkt. Nos. 28 and 30) are GRANTED to the extent they seek dismissal of the federal constitutional claims asserted in Plaintiff's amended complaint.  Plaintiff's federal constitutional claims are thus DISMISSED with prejudice.  Plaintiff's motion to remand (Dkt. No. 23) is GRANTED with respect to any remaining state law claims, which are REMANDED to King County Superior Court.

The clerk is ordered to provide copies of this order to all counsel, to Plaintiff, and to the Honorable James P. Donohue.

1       Dated this 23rd day of January, 2015.

                                                    Marsha J. Pechman
                                                    Chief United States District Judge

ORDER ADOPTING REPORT AND
RECOMMENDATION, GRANTING
DEFENDANTS' MOTIONS TO DISMISS AND
PLAINTIFF'S MOTION TO REMAND- 6